ORIGINAL

3:40 pm

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
AUG 2 8 2006
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| OVERLOOK SYSTEMS TECHNOLOGIES, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 06-606 C<br>Judge ________ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Overlook Systems Technologies, Inc. ("Overlook"), through its undersigned counsel, files this Complaint for Declaratory and Injunctive Relief against Defendant the United States, acting through the Department of the Air Force 50th Contracting Squadron ("Air Force"), in connection with a contract awarded to LinQuest Corporation ("LinQuest") on or about August 22, 2006, under Request for Proposal No. FA2550-05-R-2000 ("RFP").

Overlook has filed a bid protest with the Government Accountability Office ("GAO") and, in this action, seeks a declaration that the Air Force's refusal to impose the statutory Competition in Contracting Act ("CICA") stay is arbitrary and capricious, and violates applicable federal procurement regulations.

## JURISDICTION

1. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1491(b).

## PARTIES

2. Plaintiff Overlook is a Delaware corporation with its principal place of business at 1950 Old Gallows Rd., Ste. 400, Vienna, VA 22182-3920.

3. Defendant is the United States, acting by and through the Air Force 50th Contracting Squadron, 210 Falcon Parkway, Suite 2116, Schriever AFB, Colorado, 80912-2116.

## FACTS

4. On December 22, 2005, the Air Force issued the RFP to provide for the operation and evolution of the Global Positioning System Operations Center ("GPSOC") located at Schriever Air Force Base in Colorado. According to the Statement of Work ("SOW"), the "overarching mission of the GPS Operations Center will be to operate, maintain, and employ GPS to produce a desired effect in support of military, civil, and allied operations across the full spectrum of conflict." RFP No. FA2550-05-R-2000.

5. Overlook – which in 1999 started the operation now known as the GPSOC, and which has been responsible for GPSOC operations during the past seven years – submitted its proposal on January 24, 2006.

6. By letter dated February 21, 2006 (received after close of business on February 22, 2006), the Air Force informed Overlook that the Air Force intended to make award to LinQuest. On February 28, 2006, Overlook filed a timely size protest challenging LinQuest's status as a small business and, on that same date, the Air Force postponed the award of the contract.

7. On March 8, 2006, the Air Force met with Overlook for a preaward debriefing.

8. On March 16, 2006, Overlook timely filed a bid protest with the GAO objecting to the evaluation of proposals under Request for Proposal No. FA2550-05-R-2000 ("RFP") and

the decision by the Air Force to award the GPSOC contract to LinQuest and its subcontractor General Dynamics Advanced Information Systems ("GD"). In its protest, Overlook argued that the agency's evaluation of LinQuest's past performance was unreasonable, that the Air Force's best value decision was irrational, and that LinQuest was precluded from performing the GPSOC contract due to an organizational conflict of interest ("OCI"). Overlook's OCI argument, in part, was that GD, as the GPSOC subcontractor, would be in a position to evaluate its own equipment or performance.

9. Overlook's timely GAO protest triggered the statutory CICA stay, 31 U.S.C. § 3553.

10. On April 14, 2006, the Air Force filed its Agency Report, including a Legal Memorandum and a Contracting Officer's Statement of Facts.

11. On April 27, 2006, Overlook filed its Comments on the Agency Report and raised a supplemental ground of protest based in part on the Air Force's failure to consider adequately the potential OCIs disclosed by GD.

12. After the parties made additional submissions, the GAO determined, on May 25, 2006, that a hearing was necessary to resolve a factual dispute regarding the function of the GPSOC contractor, and notified the parties accordingly, via e-mail, as follows:

> The issue that has led our Office to conclude that a hearing is needed in this case involves the OCI allegation raised in the initial protest filing[,] i.e., that the awardee here could be in the position to make assessments about whether the GPS receiver in equipment it provided to the government is, or is not, the cause of a GPS failure. Currently, the protester says such an assessment is part of the effort here, while the agency and intervenor say such an assessment is not part of the effort here. To resolve this factual dispute, I think we need to hear from witnesses from both the agency and Overlook. (Emphasis added).

13. On June 5-6, 2006, the GAO held a hearing, during which the GAO heard testimony from several Air Force witnesses and Mr. Rob Conley, Overlook's Chief Engineer and GPSOC Program Manager.

14. Post-hearing comments were due on Monday, June 12, 2006. On Friday, June 9, 2006, one business-day before post-hearing comments were due, the Air Force notified GAO and the parties of the Air Force's decision to take corrective action in response to Overlook's protest.

15. On June 13, 2006, GAO dismissed Overlook's protest "as academic"– and *without prejudice* – in light of the Air Force's decision to take corrective action.

16. As the incumbent GPSOC contractor, Overlook is currently managing the GPSOC under a contract extension effective until September 20, 2006.

17. On August 22, 2006, Overlook received the Air Force's August 21, 2006 notice of Completion of Corrective Action. That notice stated that the "Air Force received an acceptable OCI mitigation plan for LinQuest Corporation and has determined that award to LinQuest is proper." That same notice also indicated that the Air Force "re-examined the source selection evaluation *process* and has determined that the evaluation was proper." Finally, the notice instructed LinQuest to "immediately proceed with contract performance."

18. On August 24, 2006 (after close of business), Overlook timely filed a Supplemental Protest with the GAO. In that protest, Overlook renewed its previous protest grounds and challenged the nature of the Air Force's putative correction action. Overlook's protest also requested the "GAO promptly advise the Air Force of this protest to preserve the applicability of the statutory stay." The same day, Overlook contacted Air Force counsel to inquire whether the agency intended to abide by the statutory stay of contract performance.

19. On August 25, 2006, Mr. Randall W. Thornton, the contracting officer now supervising the procurement at issue, contacted undersigned counsel and stated that the Air Force has no plans to suspend LinQuest's contract performance because the Air Force does not believe Overlook is entitled to the statutory stay provided for by CICA, 31 U.S.C. § 3553. Upon information and belief, the Air Force has not issued a CICA stay override, *see* 31 U.S.C. § 3553(d)(3)(C).

**Count I**

20. Overlook hereby incorporates by reference the allegations in paragraphs 1-19 above, as if fully set forth herein.

21. Overlook's timely filed August 24, 2006 GAO Supplemental Protest triggered the applicability of the CICA stay, 31 U.S.C. § 3553, precluding the Air Force and LinQuest from proceeding with contract performance.

22. Contrary to the requirements of 31 U.S.C. § 3553, the Air Force unlawfully has failed to stay LinQuest's contract performance pending the resolution of Overlook's protest. Moreover, the Air Force has not issued a so-called "override" of the CICA stay.

WHEREFORE, Overlook requests that it be granted the following relief:

1. Pursuant to 31 U.S.C. § 3553, a temporary restraining order and/or a preliminary injunction preventing the Air Force and LinQuest from proceeding with work under Contract No. FA2550-06-C-8003 (Global Positioning System Operations Center) until Overlook's August 24, 2006 GAO Supplemental Protest is resolved.
2. A permanent injunction and/or declaration that 31 U.S.C. § 3553 precludes the Air Force and LinQuest from proceeding with contract performance pending the resolution of Overlook's GAO Supplemental Protest.
3. Such other relief as the Court deems just and proper.

Dated: August 28, 2006

Respectfully submitted,

Ronald A. Schechter
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5160
Fax: (202) 942-5999

*COUNSEL OF RECORD FOR PLAINTIFF OVERLOOK SYSTEMS TECHNOLOGIES, INC.*

*Of Counsel:*

Drew A. Harker
Matthew H. Solomson
ARNOLD & PORTER LLP
Tel: (202) 942-6308
Fax: (202) 942-5999