IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OVERLOOK SYSTEMS TECHNOLOGIES, INC., Plaintiff, | ) | |
| v. | ) | No. 06-606C (Judge Smith) |
| THE UNITED STATES, Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR LEAVE TO INTERVENE

LinQuest Corporation ("LinQuest") respectfully submits this memorandum in support of its Motion for Leave to Intervene in the above-captioned action.

## QUESTION PRESENTED

Whether LinQuest should be permitted to intervene in the above-captioned action as of right or, in the alternative, by the permission of the court.

## STATEMENT OF THE CASE

On August 28, 2006, Plaintiff Overlook Systems Technologies, Inc. ("Overlook") commenced this action seeking temporary and preliminary injunctive relief. Overlook challenges the decision of the Air Force 50th Contracting Squadron ("Air Force") not to impose a suspension of contract performance under 31 U.S.C. § 3553(d)(3)(A) in response to the filing of a supplemental protest by Overlook at the Government Accountability Office ("GAO") on August 24, 2006. The GAO protest challenges the award of a contract to LinQuest under Solicitation No. FA2550-05-R-2000 (the "contract").

On August 25, 2006, the Contracting Officer allegedly advised Plaintiff's counsel that the Air Force has no plans to suspend LinQuest's contract performance and that the Air Force does

not believe that Overlook is entitled to a stay pursuant to 31 U.S.C. § 3553. In accordance with 31 U.S.C. § 3553 d)(3)(C) and FAR 33.104(c)(2), "(i) contract performance will be in the best interests of the United States and (ii) urgent and compelling circumstances that significantly affect the interests of the United States will not permit waiting for GAO's decision." Overlook seeks judicial review of the Air Force's decision not to suspend contract performance. LinQuest, as the contract awardee whose continued performance during the pendency of the GAO protest is at issue in this action, seeks to intervene in the action as of right or, in the alternative, by the Court's permission.

## ARGUMENT

### I. LINQUEST SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION AS OF RIGHT

Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC") provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Because LinQuest meets the requirements of the rule, as described below, LinQuest requests that the Court determine that LinQuest is entitled to intervene in this action.

First, LinQuest certainly "claims an interest relating to the property or transaction which is the subject of the action," in that LinQuest is the awardee of the contract whose continued performance during the pendency of the GAO protest is at issue in this lawsuit. Further, because Overlook asks the Court to enjoin LinQuest's performance of the contract, the potential disposition of this action in Overlook's favor also would impair LinQuest's ability to protect its

interests relating to the contract. Finally, LinQuest's interests would not be adequately represented by existing parties. LinQuest's interests are served only by upholding the decision of the Air Force not to suspend or otherwise delay LinQuest's performance under the contract. Although the United States and the Air Force presumably will oppose the injunctive relief sought by Overlook and defend the Air Force's "override" determination, only LinQuest can adequately describe to the Court the harm it will suffer in the event the Court were to enjoin LinQuest's performance under the contract. Further, the United States and the Air Force have institutional interests in this matter that are different from LinQuest's interests as the contract awardee.

Based upon the foregoing, LinQuest submits that intervention as of right by LinQuest is appropriate in this case. This Court routinely permits awardees to intervene in bid protest actions. *See, e.g., Overstreet Elec. Co. v. United States*, 59 Fed. Cl. 99 (2003); *SDS Int'l v. United States*, 48 Fed. Cl. 742 (2001). Particularly given that neither Overlook nor the United States oppose LinQuest's intervention, LinQuest's motion for leave to intervene should be granted.

## II. EVEN IF AES IS NOT ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT, LINQUEST SHOULD BE PERMITTED TO INTERVENE

Although the requirements for intervention as of right are met in this case, as discussed above, even if LinQuest were not entitled to intervene in this action as of right, LinQuest requests that this Court grant it permission to intervene on a permissive basis under RCFC 24(b). Under that Rule,

> [u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

LinQuest's motion to intervene also satisfies the requirements of RCFC 24(b).

As the awardee of the contract whose continued performance during the pendency of the GAO protest is at issue in this action, LinQuest's defense and opposition to Overlook's request for injunctive relief has numerous questions of law and fact in common with the instant action. Further, LinQuest's intervention in this action will not unduly delay or prejudice the adjudication of the rights of the original parties. Indeed, LinQuest is filing its motion to intervene at the outset of this litigation and LinQuest will make every effort to satisfy the deadlines set by the Court without request for delay. Further, LinQuest's participation will not prejudice the adjudication of the rights of the original parties, but will ensure that the Court has a complete and accurate picture of the facts and circumstances of this case, including the substantial and irreparable harm that LinQuest would suffer if the Court grants the relief sought by Overlook. Accordingly, even if the Court were to determine that LinQuest is not entitled to intervene in this action as of right, LinQuest respectfully requests that the Court grant LinQuest permission to intervene in this action under RCFC 24(b).

## CONCLUSION

For the reasons stated herein, LinQuest respectfully requests that the Court determine that LinQuest may intervene in this action as of right pursuant to RCFC 24(a). In the alternative, LinQuest requests that the Court grant LinQuest permission to intervene in this action pursuant to RCFC 24(b).

Respectfully submitted,

/s/ Jessica C. Abrahams

McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7204

Attorney of Record for Intervenor
LinQuest Corporation

Of Counsel:

Jeniffer Roberts
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

Dated: August 29, 2006