# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OVERLOOK SYSTEMS TECHNOLOGIES, INC., *Plaintiff*, | ) | |
| *v.* | ) | CASE NO. 06-606 |
| THE UNITED STATES OF AMERICA, *Defendant*. | ) | JUDGE L. SMITH |

## STATUS REPORT AND MOTION TO STAY PROCEEDINGS

On Monday, August 28, 2006, Plaintiff Overlook Systems Technologies, Inc. ("Overlook") filed a Complaint seeking to compel the Air Force to abide by the automatic Competition in Contracting Act ("CICA") stay, *see* 31 U.S.C. § 3553, triggered by Overlook's now-pending GAO Supplemental Protest. Also, on August 28, 2006, Plaintiff filed an Application for a Temporary Restraining Order and a Motion for a Preliminary Injunction.

Yesterday morning, on August 30, 2006, this Court held a telephonic hearing to discuss Plaintiff's filings. At that hearing, Defendant, the United States, stated that the Air Force had decided to comply with the CICA stay. Accordingly, Overlook acknowledged that Overlook's Complaint likely was moot, but expressly reserved judgment pending a review of the Air Force's stipulation regarding implementation of the CICA stay and its "Stop Work" order. In turns out that Overlook's caution was warranted.

Following the hearing, Overlook received the Air Force's Notification of Stay of Performance for Contract No. FA2550-06-C-8003 (attached hereto as Exhibit A), which states

that "[t]he Government has decided to *voluntarily* stay performance by the Awardee, LinQuest" until Overlook's GAO protest is resolved "*or until further order of the Contracting Officer*." The Notice further provides that "[s]hould the Government determine that it is appropriate to lift this voluntary stay during the pendency of the protest, ***or*** to pursue a CICA Stay Override Request and Approval, it will provide advance notice to the GAO and to the parties . . . ." Thus, in marked contrast to Defendant's position during yesterday's hearing, the Air Force has *not* committed to abide by the automatic CICA stay, which would permit LinQuest to perform the contract at issue only upon the Air Force's execution of a valid CICA stay override decision.

Although the Air Force has issued a Stop Work order to LinQuest, Overlook's case is *not* moot because the Air Force has reserved its right to rescind the Stop Work order and to discontinue the "voluntary stay" at its sole discretion, without regard to the requirements of CICA override requirements. The Air Force's Notice does not reflect a commitment to abide by the provisions of CICA, and a live case or controversy remains because Overlook has alleged that the Air Force is *obligated* to comply with the CICA stay in its entirety.

Notwithstanding the Air Force's change of heart with respect to compliance with the CICA stay, it has at least issued a Stop Work order to LinQuest, which obviates – at least for the moment – the need for this Court to rule on Overlook's pending requests for a temporary restraining order and/or a preliminary injunction. However, in light of the fact that Overlook's Complaint is not moot, Overlook respectfully requests this Court to stay the instant litigation, including the aforementioned requests for injunctive relief, until Overlook's GAO protest is resolved or until the Air Force commits to comply with CICA, including the override

provisions.[1] Should the Air Force attempt to commence performance of the contract or to rescind the Stop Work order to LinQuest without complying with the override requirements, Overlook would promptly seek to have this Court lift the stay and rule on Overlook's now-pending requests for temporary injunctive relief. If this Court were to dismiss Overlook's case now, rather than issue a stay as Overlook requests, nothing would prevent the Air Force from simply allowing LinQuest to commence performance immediately, and Overlook would be forced to refile its complaint and to suffer the additional attendant expense and delay.

Accordingly, Overlook respectfully requests this Court to stay the instant case until Overlook's GAO protest is resolved or until the Air Force commits to abide by the CICA stay.

Dated: August 31, 2006

Respectfully submitted,

s/ Ronald A. Schechter by s/ Matthew H. Solomson
Ronald A. Schechter

ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5160
Fax: (202) 942-5999

*Attorney of Record for Overlook Systems Technologies, Inc.*

*Of Counsel:*

Drew A. Harker
Matthew H. Solomson
ARNOLD & PORTER LLP
Tel: (202) 942-6308
Fax: (202) 942-5999

[1] Overlook notes that the Air Force need not concede that it is obligated to adhere to the CICA stay in order to moot the instant case, but it must commit to this Court and Overlook that the Air Force will behave as such for Overlook to agree to a dismissal.

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of Overlook's STATUS REPORT AND MOTION TO STAY PROCEEDINGS to be served this 31st day of August, 2006, by facsimile and e-mail, on the following:

Mr. Jeffery Infelise
U.S. DEPARTMENT OF JUSTICE
Civil Litigation Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8254
Fax: (202) 514-8624
E-mail: jeffery.infelise@usdoj.gov

*Counsel for Defendant*

Ms. Jessica C. Abrahams
McKenna Long & Aldridge
1900 K Street NW
Washington, DC 20006-1108
Tel: (202) 496-7204
Fax: (202) 496-7756
E-mail: jabrahams@mckennalong.com

*Counsel for Awardee, LinQuest, Corp.*

s/ Matthew H. Solomson
Matthew H. Solomson