**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **OVERLOOK SYSTEMS TECHNOLOGIES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant,**<br><br>**and**<br><br>**LINQUEST CORP.,**<br>**Intervenor** | **No. 06-606C**<br>**(Senior Judge Loren A. Smith)** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS AND DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rules 7, 12(b)(1), and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC), and the Court's Order, dated September 1, 2006, defendant, the United States, respectfully submits its opposition to the motion of Overlook Systems Technologies, Inc., (plaintiff), to stay proceedings and our motion to dismiss plaintiff's complaint. Plaintiff's motion should be denied and its complaint dismissed because its request for declaratory and injunctive relief has been rendered moot and/or premature and, therefore, there is no case or controversy for which the Court can grant relief. In support of this opposition and motion, we rely upon the following brief.

## INTRODUCTION

The plaintiff's motion for a stay in the subject proceedings should be denied and its complaint dismissed because there is no longer any justiciable issue before the Court. The Air

Force's voluntary agreement to stay performance of the contract that is the subject of plaintiff's protest to the Government Accountability Office ("GAO"), renders plaintiff's prayer for relief moot. Moreover, there is no basis for plaintiff's assertion that the Air Force intends to, or may, lift the stop work order at any time in the future before the resolution of the GAO protest and, therefore, there is no dispute ripe for resolution by the Court.

**FACTS**

On August 28, 2006, plaintiff filed a complaint seeking declaratory and injunctive relief against the United States Air Force. Plaintiff alleged in its complaint that the Air Force acted arbitrarily and capriciously when in refused to impose a stay pursuant to the Competition in Contracting Act ("CICA"), 31 U.S.C. §3553, in connection with a protest it filed with the GAO concerning the award of Contract No. FA2550-06-C-8003 ("contract") that was allegedly awarded on or about August 22, 2006.[1] Compl. at 1.[2] Plaintiff alleged that upon notifying the Air Force contracting officer responsible for the contract that it had filed a protest with the GAO, it was orally informed that the Air Force did not believe plaintiff was entitled to the automatic stay provided in CICA. Compl. at 2. In its complaint, plaintiff requested the Court enjoin the Air Force and the contract awardee, LinQuest Corporation ("LinQuest"), from proceeding with work under the contract until the GAO protest that it filed on August 24, 2006, was resolved.

On August 30, 2006, during the status conference ordered by the Court, we informed plaintiff and the Court that the Air Force had voluntarily agreed to comply with the stay provisions of CICA. During the status conference, plaintiff's counsel stated that once he had an

---

[1] The contract was actually awarded on March 16, 2006.

[2] "Compl. at ___," refers to plaintiff's Complaint for Declaratory Relief.

opportunity to review any stop work order issued by the Air Force to determine if it was sufficient, he would agree to a stipulation of dismissal of plaintiff's complaint.

In accordance with our representation during the status conference, on August 30, 2006, the Air Force issued a stop work order to LinQuest, directing it to stop all work on the contract. Exh. A.[3] On that same date, the Air Force sent plaintiff a notification that it had, in fact, voluntarily stayed performance on the disputed contract "until the protest filed by Overlook on 24 August 2006 is resolved or until further order of the Contracting Officer." Exh. B. The Air Force also agreed that if it determined it was "appropriate to lift this voluntary stay during the pendency of the protest, or to pursue a CICA Stay Override Request and Approval, it will provide advance notice to the GAO and to the parties of its intent to do so." Id.

## ARGUMENT

### I. The Applicable Law

"Although established under Article I, the [Court of Federal Claims] traditionally has applied the case or controversy requirement [of Article III] unless jurisdiction conferred by Congress demands otherwise." Massachusetts Bay Transp. Auth. v. United States, 21 Cl.Ct. 252, 257-58 (1990), rev'd on other grounds, 129 F.3d 1226 (Fed.Cir.1997). Article III of the Constitution "prohibits federal courts from issuing advisory opinions or deciding disputes that are not concrete and adverse." Id. (internal citations omitted). A moot case does not present a case or controversy over which the Court may exercise jurisdiction. Ryan v. United States, 71 Fed. Cl. 740, 742 (2006). "[A] case is moot when the issues presented are no longer 'live' or the

---

[3] "Exh. ___," refers to the Exhibits appended to Defendant's Opposition to Plaintiff's Motion to Stay Proceedings and Defendant's Motion to Dismiss Plaintiff's Complaint.

parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).

Moreover, even where the Court possesses jurisdiction over a claim, "it may not do so where the claim presents a non-justiciable controversy . . . ." LB & B Associates, Inc. v. United States, 68 Fed. Cl. 765, 770 (2005).

> When, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

CW Government Travel, Inc. v. United States, 46 Fed. Cl. 554, 557 (2000) (quoting Wilson v. Wilson, S.E.2d 255, 256-57 (1999).

Another aspect of justiciability is the concept of ripeness. Ryan, 71 Fed. Cl. at 743. The basic rationale for the ripeness doctrine "is to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect agencies from judicial interference until an administrative decision has been formalized. . . ." Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967). A claim is not ripe for review "if it is premised upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Commonwealth Edison Co. v. United States, 56 Fed. Cl. 652, 658 (2003) (quoting Texas v. United States, 523 U.S. 296, 300 (1998)).

## II. There Is No Justiciable Issue Remaining Over Which The Court Should Retain Jurisdiction

The relief that plaintiff sought in this case was to have the Air Force comply with the stay requirements of CICA. As we stated during the telephonic status conference, and as plaintiff

concedes, Pl. Mot. at 1,[4] the Air Force voluntarily agreed to comply with the provisions of CICA. Indeed, that same day, the Air Force followed through on the agreement by issuing a stop work order to LinQuest, the contract awardee. This stop work order is not limited or qualified in any way. Plaintiff concedes that because of the Air Force's actions, there is no need for the Court to rule upon its requests for a temporary restraining order and/or a preliminary injunction. Pl. Mot. at 2.

Notwithstanding its receipt of the relief it sought, and the absence of any need for the Court to rule upon its requests for relief, plaintiff now requests the Court stay the proceeding and retain jurisdiction over this case. Pl. Mot. at 2-3. Plaintiff claims the Court's continued exercise of jurisdiction is necessary because of statements contained in the notice it received which it alleges indicates the Air Force has not agreed to abide by the automatic stay provisions of CICA. Pl. Mot. at 2. Plaintiff's assertion lacks merit, and is based upon mere speculation.

As an initial matter, contrary to plaintiff's assertion, the notification of the stay of performance that the Air Force issued to plaintiff does not state that the Air Force has not committed to complying with the automatic stay provisions of CICA. The notification merely recognizes the possibility that at some time in the future the contract officer could order LinQuest to resume performance of the contract before plaintiff's protest is finally resolved. This is not a statement of any intention on the part of the Air Force to lift the stay now, or at any time in the future. It is, however, a recognition that some unforseen event or circumstance, or even a change in the law, could require the Air Force to order resumption of performance of the contract

---

4 "Pl. Mot. at ____," refers to plaintiff's Status Report and Motion to Stay Proceedings.

separate and apart from a final resolution of plaintiff's GAO protest. The inclusion of the phrase "or until further order of the Contracting Officer," takes cognizance of the fact that the Air Force cannot predict the future or the potential that there may arise a lawful basis to lift the stop work order that is not dependent upon the resolution of plaintiff's protest by the GAO.

Further, plaintiff misconstrues the sentence in the notification that states: "Should the Government determine that it is appropriate to lift this voluntary stay during the pendency of the protest, or to pursue a CICA Stay Override Request and Approval, it will provide advance notice to the GAO and to the parties of its intent to do so." This statement does not evidence an intent on the part of the Air Force to not comply with CICA, or to discontinue the stay in its "sole discretion," as plaintiff alleges. Pl. Mot. at 2. To the contrary, this statement establishes that the Air Force agrees to give advance notice to plaintiff and the GAO before it takes any action to lift the stay, regardless of the reason–a requirement that is not imposed by CICA or any other statute or regulation.

Put simply, plaintiff's motion questions the good faith of the Air Force in its voluntary commitment to comply with the stay requirements of CICA. However, a claim that the Government has acted in bad faith must be based upon more than mere speculation or conjecture. Government officials are presumed to act in good faith, absent "clear and convincing" proof to the contrary. Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1239-40 (Fed. Cir. 2002). There is absolutely no evidence that the Air Force's commitment to voluntarily comply with the stay requirements of CICA was made in bad faith. To the contrary, the Air Force's prompt issuance of a stop work order is clear and convincing evidence that its commitment was made in good faith. Plaintiff's mere speculation that the Air Force intends, at

some point in the future, to renege upon its commitment to stay performance of the contract is not a sufficient basis for this Court to conclude that there is any continuing case or controversy over which it should continue to exercise jurisdiction.

Plaintiff requests this Court to retain jurisdiction over this case on the off-chance that at some point in the future the Air Force would engage in an act which plaintiff believes would violate CICA. However, plaintiff's unsupported speculation that there may be an issue in the future for consideration by the Court does not establish that there is any issue presently pending that is ripe for adjudication or that may ever be ripe for adjudication. Therefore, there is no case or controversy over which the Court should exercise jurisdiction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to stay should be denied and its complaint dismissed without prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/ Jeffery T. Infelise
JEFFERY T. INFELISE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-0282
Fax (202) 514-8624

Attorneys for Defendant

OF COUNSEL

MICHAEL J. O'FARRELL, JR.
Air Force Legal Operations Agency
Commercial Litigation Division
1501 Wilson Blvd., Rm. 606
Arlington, VA 22209

Dated: September 6, 2006

**CERTIFICATE OF FILING**

I hereby certify that on September 6, 2006, a copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Stay Proceedings and Defendant's Motion to Dismiss Plaintiff's Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Jeffery T. Infelise